```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America,        :

    Plaintiff,               :

  v.                             :   Case No. 2:07-mj-0021

Petrochelli Robertson,           :   MAGISTRATE JUDGE KEMP

    Defendant.               :

DETENTION ORDER

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on January 30, 2007. He waived his preliminary hearing. Following the presentation of evidence, the Court ordered him detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint with three separate counts of trafficking in crack cocaine. His waiver of the preliminary hearing establishes probable cause to believe that he committed the offenses with which he is charged. The United States' request for detention is therefore evaluated under the following legal standard.

    <u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the

>> community if the judicial officer
>> finds that there is probable cause to
>> believe that the person committed an
>> offense for which a maximum term of
>> imprisonment of ten years or more is
>> prescribed in the Controlled Substances
>> Act (2l U.S.C. 801 et seq)...[or] an
>> offense under section 924(c)...of this
>> title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that

many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional evidence was presented at the hearing though the testimony of ATF Agent Scott O'Brien.  Agent O'Brien testified that he began investigating the defendant in July, 2005 and that three separate purchases of crack cocaine were arranged, as reflected in the criminal complaint.  In 2006, the defendant was in the county jail on unrelated state charges.  During that time, he made several telephone calls from the jail which Agent O'Brien construed as threats against someone who was perceived to be an informant.  During these conversations, he also identified

3

himself as "Juice."

In late 2006 or early 2007, several residents of the neighborhood around 310 Dakota Avenue reported to their police community liaison representative that an individual who went by the name of "Juice" was making threats. In particular, he was threatening to kill people in the neighborhood if they cooperated with police.

On the day of the arrest, Columbus police set up surveillance at 310 Dakota Avenue sometime in the afternoon. While that surveillance was in place, they observed heavy traffic to the rear door of the residence consistent with drug trafficking. At one point, the defendant left and went to another address and then returned. When the arrest warrant was issued, police officers moved in and were able to observe activity within the residence before making entry. When officers knocked on the door, the defendant ran toward the basement. He eventually returned to the living room area and was arrested. Officers found a firearm and ammunition on or near the basement steps. They also found evidence of drug trafficking, including a plate, scales, and a razor blade with cocaine residue.

According to the Pretrial Services report, the defendant does not live at 310 Dakota Avenue. Rather, he has been residing with his girlfriend and her mother at 136 Whitethorne Street. The defendant has lived in Columbus for an unknown period of time, having been born and raised in Detroit, Michigan. His only employment was a job which he had held for approximately two months prior to his arrest. His criminal record does not include any felony convictions, but he is currently awaiting trial on eight felony charges which are pending in the Franklin County Court of Common Pleas. He is on bond in that case. Although the three instances of drug trafficking described in the complaint apparently occurred prior to the defendant's arrest on state

charges, his more recent involvement in drug trafficking occurred while he was on bond for the eight state felony charges.

In this case, there is a presumption against release.  The presumption appears fairly strong because the defendant sold narcotics directly to an individual working at the direction of law enforcement on three separate occasions.  He is facing a minimum five-year term of imprisonment if convicted.  There are no other factors which favor release.  He does not have strong ties to this community, has little in the way of verified employment, is facing multiple felony counts in state court, and appears to have continued trafficking drugs while on bond from state charges.  Additionally, there is some evidence, although not as strong, that he has made threats against either specific individuals or residents of the neighborhood where he has been engaging in drug trafficking.  Taking all these factors together, the Court concluded that there were no release conditions which would safeguard the community or assure the appearance of the defendant, and he was therefore detained without bond pending trial.

The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge